

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4305

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Huang v. Atty Gen USA" (2006). *2006 Decisions*. Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4305

JIN FENG HUANG,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A 79-087-550
Immigration Judge: Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and IRENAS, *District Judge[*]*

(Filed: December 21, 2006)

_____

OPINION OF THE COURT

_____

---

[*]The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

SMITH, *Circuit Judge*.

Jin Feng Huang, a native and citizen of the People's Republic of China, appeals the Board of Immigration Appeals' ("BIA") order affirming the denial of her claims for asylum and withholding of removal by the Immigration Judge ("IJ"). For the reasons stated below, we will deny the petition for review.

I.

Huang entered the United States on July 17, 2001 on a non-immigrant B-2 visa with permission to remain until January 16, 2002. The former Immigration and Naturalization Service ("INS") served her with a notice to appear on February 19, 2002. Huang filed an application for asylum and withholding of removal on January 29, 2003.[1] At her removal hearing, Huang testified that although she had been baptized in August 2000, she had become a much more devout Christian since her encounter with the immigration authorities, and she feared persecution by Chinese authorities should she return and attempt to practice her religion as she does in the United States. She explained that, if she were returned to her home in Fujian Province, China, she would join an underground church in order to continue her worship. Huang claimed that she feared that she would be persecuted as a result of joining such a church.

---

[1]Although Huang's application was filed more than one year after she entered the United States, the IJ exercised his discretion in determining that extraordinary circumstances existed because her hearing date under the notice to appear was set by the court for more than one year after her arrival, and at the time the year expired she was still seeking an attorney. *See* 8 C.F.R. § 208.4(a)(5).

The IJ issued an oral decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[2] The IJ found her testimony credible, but determined that her claim was too speculative in that it required the Court to accept several premises regarding future events which were by their nature unable to be substantiated. In particular, the IJ found insufficient evidence to show the likelihood that she would suffer mistreatment as a result of attendance at an underground church. Petitioner offered no proof to substantiate her claim that she would only attend unregistered churches upon her return to China, nor did she show that the churches she intended to attend were subject to persecution. The IJ rejected her argument that there is a pattern or practice of persecuting members of underground churches in China such that an individual who is likely to join such a church is necessarily eligible for asylum. Thus, the IJ concluded that she had not met her burden of proof and persuasion

_____

[2]Huang asserted a claim under the CAT before the IJ, but failed to assert that claim in her brief before the BIA. Consequently, the government argues that she failed to exhaust all of her administrative remedies as to this claim, and this court lacks jurisdiction to review it. 8 U.S.C. § 1252(d)(1). Although failure to administratively exhaust a claim will generally bar it from consideration, in the present case the BIA, on its own, elected to address the CAT claim. *See Zheng v. Gonzales*, 422 F.3d 98, 107-08 (3d Cir. 2005) (failure to exhaust precludes review); *Alleyne v. I.N.S.,* 879 F.2d 1177, 1182 (3d Cir. 1989) (same). Considering the Supreme Court's instruction that "[t]he doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue," *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975), it is clear that the purpose of the exhaustion requirement has been achieved in this case because the BIA took the opportunity to resolve this issue prior to judicial intervention. *See also Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). Accordingly, Huang's CAT claim was effectively exhausted.

that she has a reasonable possibility of future persecution, and denied her application for asylum, withholding of removal, and withholding under the CAT. The IJ granted Huang's application for voluntary departure.

Huang appealed the IJ's decision to the BIA, which dismissed her appeal on August 22, 2005 in a per curiam opinion. The BIA found no error in the IJ's determination that Huang failed to carry her burden of proof and persuasion that she suffered past persecution or that she possessed a well-founded fear of persecution. The BIA also agreed that she failed to carry her burden of demonstrating that it was more likely than not that she would be tortured if she were removed to China. On September 19, 2005, Huang filed this petition for review.

II.

This court reviews final decisions of the BIA that are based on factual findings to determine whether they are supported by substantial evidence. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Lusingo v. Gonzales*, 420 F.3d 193, 199 (3d Cir. 2005). Because the BIA summarily affirmed the IJ's decision, we review the IJ's findings of fact as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *Wang v. Gonzales*, 405 F.3d 134, 138 (3d Cir. 2005); *Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

The Attorney General has discretion to grant asylum to an alien who qualifies as a "refugee." *See* 8 U.S.C. § 1158(b)(1). An applicant may establish refugee status by

4

demonstrating a well-founded fear of future persecution because of "race, religion, nationality, membership in a particular social group, or political opinion," if returned to her prior country of residence. 8 U.S.C. § 1101(a)(42)(A); *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003). Huang asserts that she presented a well-founded fear of persecution based on a lack of religious freedom in China. We disagree.

To qualify for asylum on the basis of fear of persecution, an applicant must show both a credible subjective fear and an objectively reasonable basis for her fears. *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005); *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004). Although the IJ believed that the petitioner's testimony as to her fear was credible, the IJ appropriately found that there was not an objectively reasonable basis for Huang's fears of persecution. The IJ noted that although the most recent State Department Country Report for China indicated an increased governmental interference with certain underground churches in some areas, the report also indicated a greater freedom to worship than in the past in other areas. The IJ found the possibility of harassment or repression in certain areas outlined in the report to be too attenuated to show that Huang's fear of persecution was reasonable. The IJ found that Huang's testimony about a friend who had experienced persecution as a result of attending an underground church and her testimony that she had heard generally of governmental persecution of such churches did not meet her burden of proof. *See Lie*, 396 F.3d at 536; 8 C.F.R. § 208.13(b)(2)(iii)(A) (providing that applicants must either show that they would experience individual

5

persecution or demonstrate a "pattern or practice in his or her country ... of persecution of a group of persons similarly situated to the applicant on account of ... religion ... and ... his or her own inclusion in, and identification with, such group."). Although the country report indicates that "[a]uthorities particularly targeted unofficial religious groups in locations where there were rapidly growing numbers of unregistered churches, or in places of long-seated conflict between official and unofficial churches, such as ... Fujian Province," this broad statement alone is insufficient to create a reasonable fear of persecution.

The IJ found that because Huang had not shown an objectively reasonable basis for her fear of persecution so as to establish grounds for asylum, she had also not established the clear probability of persecution required for withholding of removal. *See, e.g.*, *Gabuniya v. Attorney General*, 463 F.3d 316, 320-21 (3d Cir. 2006). In addition, the IJ determined that she had not established that it was more likely than not that she would be tortured if removed to China by official action, and thus was ineligible for relief under Article 3 of the CAT. *See* 8 C.F.R. § 208.16(c)(2).

## III.

The BIA's determination that Huang was not eligible for asylum will be upheld because it is supported by substantial evidence on the record considered as a whole. A reasonable fact finder could have found on this record that Huang did not establish an objectively reasonable basis for her fear of persecution, and thus we will not disturb the

IJ's determination. Accordingly, we will deny Huang's petition for review.